IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Jerome Player, ) | |
| ) | C/A No. 1:09-1801-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Joey Norris, Administration, etc.; ) | |
| Jeanie Hughes, Head Nurse; Dr. Wilner ) | |
| A. Lane, and Captain Joyce W. Brunson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Terry Jerome Player is an inmate in custody of the South Carolina Department of Corrections who is housed at the Evans Correctional Institution in Bennettsville, South Carolina. At the time of the underlying events, Plaintiff was detained at the Florence County Detention Center in Effingham, South Carolina. Plaintiff, appearing pro se, filed the within action on July 9, 2009, as amended September 21, 1009, alleging that his constitutional rights had been violated in various respects. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion for summary judgment filed by Defendants Brunson, Hughes, and Norris on January 7, 2010. By order filed January 8, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the applicable procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion for summary judgment on February 12, 2010, to which Defendants Brunson, Hughes, and Norris filed a reply on February 22, 2010.

Also before the court is motion to dismiss filed by Defendant Lane[1] on January 29, 2010.

---

[1] Defendant Lane's correct name is Lane A. Wilner.

A second Roseboro order was issued on February 1, 2010. Plaintiff filed no response to Defendant Lane's motion to dismiss.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge issued a Report and Recommendation on July 16, 2010 in which she recommended that Defendants Brunson, Hughes, and Norris's motion for summary judgment and Defendant Lane's motion to dismiss be granted. Plaintiff filed objections to Report and Recommendation on August 3, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff essentially reiterates the allegations of his complaint. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Nevertheless, the court has thoroughly examined the record. The court adopts the Report of and Recommendation and incorporates it herein by reference. Defendants Brunson, Hughes, and Norris's motion for summary judgment (Entry 33) is **granted**. Defendant Lane's motion to dismiss

2

(Entry 38) also is **granted**, and the case dismissed, with prejudice.

    **IT IS SO ORDERED**.

                                    /s/ Margaret B. Seymour
                                    United States District Judge

Columbia, South Carolina

September 20, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**